IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JACK M. HOWELL, )
on behalf of plaintiff and the class )
defined herein, )
 )
        Plaintiff, )
 )
    v. )   1:10CV184
 )
CAPITAL MANAGEMENT SERVICES, LP; )
and CMS GP, LLC; )
 )
        Defendants. )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Jack M. Howell brings this action to secure redress against unlawful collection practices engaged in by defendant Capital Management Services, LP ("CMS"). Also named is CMS' general partner, CMS GP, LLC ("CMS GP"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

3.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

4.    Venue in this District is proper because defendants' collection communications were received in this District.

### PARTIES

5.    Plaintiff Jack M. Howell resides in Fort Wayne, Indiana.

6.    Defendant CMS is a limited partnership entity chartered under the law of

1

Delaware with its principal offices at 726 Exchange Street, Suite 700, Buffalo, NY 14210. It does or transacts business in Indiana. Its registered agent and office is Corporation Service Co., 251 East Ohio Street, Suite 500, Indianapolis, IN 46204.

7. Defendant CMS operates a collection agency.

8. Defendant CMS uses the mails and telephones to collect debts originally owed to other entities.

9. Defendant CMS is a debt collector as defined in the FDCPA.

10. Defendant CMS GP is a limited liability company chartered under the law of Delaware with principal offices at 726 Exchange Street, Suite 700, Buffalo, NY 14210. Its registered agent and office is CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

11. Defendant CMS GP is the general partner of CMS.

12. The acts of CMS are attributable to CMS GP.

### FACTS RELATING TO PLAINTIFF

13. In April 2010, plaintiff received in the mail the document attached as Exhibit A.

14. Exhibit A seeks to collect an alleged debt incurred for personal, family or household purposes and not for business purposes.

15. Exhibit A was the first document plaintiff received from CMS regarding the debt described therein.

16. On information and belief, Exhibit A was the first document CMS sent plaintiff regarding the debt described therein.

17. On information and belief, Exhibit A is a form document used by CMS as the initial notice it sends to consumers.

18. Exhibit A states that the "current creditor" is Resurgent Capital Services, LP.

2

19. Resurgent Capital Services, LP is not the current owner of the debt.

20. Resurgent Capital Services, LP does not own any debts.

## COUNT I – FDCPA

21. Plaintiff incorporates paragraphs 1-20.

22. Defendants violated 15 U.S.C. §1692g, by failing to provide "the name of the creditor to whom the debt is owed" in the initial communication or within five days afterwards.

23. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt**

collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of a class, pursuant to Fed. R.Civ.P. 23(a) and (b)(3).

25. The class consists of (a) all natural persons with Illinois, Indiana or Wisconsin addresses (b) who were sent a document in the form represented by Exhibit A (c) referring to Resurgent Capital Services, LP as the current creditor (d) on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

26. The class members are so numerous that joinder is impracticable.

27. On information and belief, there are more than 50 natural persons with Illinois, Indiana or Wisconsin addresses who were sent a document in the form represented by Exhibit A, referring to Resurgent Capital Services, LP as the current creditor, on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

28. Exhibit A has bar-coded addresses and return addresses, which entitle the mailer to discounts from the Postal Service associated with large-scale mailings.

29. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

30. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

32. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

5

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24412\Pleading\Complaint_Pleading.wpd

# EXHIBIT A



726 Exchange Street, Suite 700
Buffalo, New York 14210



**CAPITAL MANAGEMENT SERVICES, LP**
726 Exchange Street - Suite 700, Buffalo, NY 14210
Office Hours: M-Th 8 a.m. - 11 p.m. ET
Fri 8 a.m. - 10 p.m., Sat 8 a.m. - 4 p.m. ET
Sun 9 a.m. - 1 p.m. ET
Toll Free: 1-866-464-3977, Fax: (716) 852-1620



Reference#

Jack M Howell

Previous Creditor: Citibank - Sears
Current Creditor: RESURGENT CAPITAL SERVICES, LP
Account #: 5973
Balance: $10625.07

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT

Dear Jack M Howell:                                                                                April 02, 2010

This company has been engaged by Resurgent Capital Services, LP, the servicer of the account, to resolve your delinquent debt of $10625.07. Please submit your payment and make your check or money order payable to Capital Management Services, LP. to the above address.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.

Capital Management Services, LP is authorized to accept less than the full balance due as settlement of the above account. The settlement amount of $6,375.04, which represents 60% of the amount presently owed, is due in our office no later than forty-five (45) days after receiving this notice. We are not obligated to renew this offer.

For your convenience, this settlement may be made online at: www.cms-trans.com. For other payment options, please contact Capital Management Services, LP. at 726 Exchange Street, Suite 700, Buffalo, NY 14210 or call 1-866-464-3977 Mon. through Thurs. 8 am to 11 pm ET, Fri. 8 am to 10 pm ET, Sat. 8 am to 4 pm ET, or Sun. 9 am to 1 pm ET.

Please see important privacy information included with this notice.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

APR 14 2010

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Anson Street LLC | Granite Asset Management LLC | SFG REO, LLC |
| Ascent Card Services II LLC | Limestone Asset Management LLC | Sherman Acquisition II Limited Partnership |
| Ascent Card Services, LLC | LVNV Funding, LLC | Sherman Acquisition L.L.C. |
| Ashley Funding Services LLC | PYOD LLC | Sherman Acquisition Limited Partnership |
| Credit One Bank, N.A. | Resurgent Capital Services L.P. | Sherman Acquisition TA LP |
| Credit One Financial Solutions LLC | Resurgent Capital Services PR LLC | Tradd Street LLC |
| Fieldstone Asset Management LLC | | |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

### Sharing Collected Information with Affiliates and Third Parties

**Sharing with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

### Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.
This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

092309