**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| JACK M. HOWELL, | ) | |
| on behalf of plaintiff and the class | ) | |
| defined herein, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:10 CV 184 RLM |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL MANAGEMENT SERVICES, LP; | ) | |
| and CMS GENERAL PARTNER, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR PRELIMINARY APPROVAL**
**OF CLASS SETTLEMENT AGREEMENT**

Plaintiff, JACK M. HOWELL ("plaintiff"), individually, and as representative of

the class of persons defined below in ¶ 4(a) ("Classes"), and Defendants, CAPITAL

MANAGEMENT SERVICES, LP, and CMS GENERAL PARTNER, LLC,

("defendants"), request that this Court enter an order (i) granting preliminary approval to

the Class Settlement Agreement ("Agreement") attached as Appendix 1; (ii) certifying

the class as defined below in ¶ 4(a); (iii) approving the form of the Class Notice attached

as Exhibit B to the Agreement, (iv) designating Edelman, Combs, Latturner & Goodwin,

LLC as Class Counsel; and (v) setting dates for opt-outs, objections and return of claim

forms and a hearing for final approval.

1.      Plaintiff alleges that Capital Management Services, LP, and CMS General

Partner, LLC, ("Defendants") violated the Fair Debt Collection Practices Act ("FDCPA")

because they failed to provide the name of the creditor to whom the debt is owed in the

initial communication or within five days afterwards in violation of 15 U.S.C. §1692g.
Defendants deny liability.

2.      After arms-length discussion, the parties reached an agreement to settle plaintiff's claims.  (Appendix 1 hereto).

3.      Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.  Based upon counsel's review and analysis, the parties entered into the Agreement.

4.      For settlement purposes only the parties have stipulated to the certification of a class and have agreed that for settlement purposes only the class as defined meets all the requirements of Rule 23. Specifically:

a.      Class members are ascertainable and so numerous that joinder of all members is impracticable;

b.      There are questions of law or fact common to the Class, and there is a well-defined community interest among class members with respect to the subject matter of the Litigation;

c.      The claims of the Plaintiff are typical of the claims of the Class members;

d.      Plaintiff has fairly and adequately protected the interests of the Class members;

e.      A class action is superior to other available methods for an

efficient adjudication of this controversy; and

f.      The law firm of Edelman Combs Latturner & Goodwin, LLC is

qualified to serve as counsel for the Class.

5.      The parties desire to settle and compromise the litigation on the terms and

conditions embodied in the Agreement and agree as follows**:**

a.      <u>Class Certification</u>.  The parties jointly request that this Court certify the following class for settlement purposes:

> (a) all natural persons with Indiana or Wisconsin addresses (b) who were sent a document in the form represented by <u>Exhibit A</u> (c) referring to Resurgent Capital Services, LP as the current creditor (d) on or after June 11, 2009, and (e) on or before July 1, 2010.

The Defendants have compiled a list identify 9,462 individuals as class members.

b.      <u>Relief to Plaintiff</u>.  Defendants will pay the sum of $2,000 to plaintiff for his statutory damages and for his services as class representative.

c.      <u>Class Recovery</u>. Defendants to establish a class fund of $25,200 to be distributed amongst the 9,462 class members who timely return a claim form.  Any funds resulting from checks that have not been cashed ninety (90) days after the void date will be donated to Indiana Legal Services as a *cy pres* award.

d.      <u>Attorney's Fees and Costs</u>.  Defendants shall pay attorney's fees and costs to Class Counsel of $10,800, subject to Court approval.  This amount will be paid in addition to the Class Recovery. Defendants agree not to oppose Class Counsel's application for attorney's fees and costs in this amount. Class Counsel will not request additional fees or costs from Defendants or the Class.

e.      <u>Class Notice</u>.  Within 30 days of entry of the Preliminary Approval Order, defendants shall cause the third party administrator, First Class, Inc., to send actual notice, in the form of <u>Exhibit A</u> to the Agreement, to be mailed to the last known addresses of the members of the Class, according to defendants' records.   Each notice shall be sent with a request for forwarding addresses.   In the event that a notice is returned as undeliverable and a forwarding address is provided, defendants shall cause

any such returned notice to be forwarded to the address provided to defendants within five business days of receipt. If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for six months thereafter, and may destroy them after that period (or earlier if the parties agree).

f.     Class Members' Right to Opt Out. Any Class Member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Class Member who opts out of the Class and Agreement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

6.     The parties request that the Court set the following schedule for the

proposed Agreement:

a.     Class Notice (Exhibit B) is to be mailed within 30 days of entry of  the Preliminary Approval Order;

b.     Class members to have forty-five (45) days after the initial mailing of the notice to submit a claim form or a request for exclusion or to object to the proposed settlement. Claim forms, request for exclusions and objections must be postmarked by that date. Any class members desiring to exclude themselves from the action must submit their request for exclusion to First Class Mail, Inc. and counsel for plaintiff and First Class, Inc. by that date. Any class members who wish to object to the settlement must submit an objection in writing, including any supporting documents, to the Clerk of the United States District Court for the Northern District of Indiana, Fort Wayne Division and serve copies of the objection on counsel for plaintiff by that date. Counsel for plaintiff shall forward any objections or requests for exclusions to counsel for defendants. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the Class, and include any supporting documents. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of a settlement.

c.     A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Class will be held before this Court no earlier than ninety (90) days from the entry of this order.

7.      In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the parties, the parties intend for the Settlement Agreement to Control, subject to Court approval.

WHEREFORE, the parties respectfully request that the Court enter an order in the form of Exhibit C to the Agreement, which (i) certifies the class as defined therein; (ii) grants preliminary approval of the proposed settlement, (iii) directs the mailing of the notice, in the form of Exhibit B to the Agreement, (iv) Names Jack M. Howell as class representative and Edelman, Combs, Latturner, & Goodwin, LLC as Class Counsel (v) sets dates for submission of claim forms, opt-outs, objections, and (vi) schedules a hearing for final approval under FED. R. CIV. P. 23(c)(2).

Respectfully submitted:                              Respectfully submitted:


**EDELMAN COMBS LATTURNER &**          **KIGHTLINGER & GRAY, LLP**
**GOODWIN, LLC**                                     Peter A. Velde
Daniel Edelman                                       Market Square Center, Suite 600
Cassandra P. Miller                                  151 North Delaware Street
120 So. LaSalle Street, 18th Floor                   Indianapolis, IN  46204
Chicago, IL  60603
(312) 739-4200                                       s/_Peter A. Velde
                                                     Counsel for Defendants

s/_Cassandra P. Miller
Counsel for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on September 21, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Peter A. Velde
Kightlinger & Gray, LLP
Market Square Center, Suite 600
151 North Delaware Street
Indianapolis, IN  46204

Blaire M. Henley
John D. Nell
Wooden & McLaughlin LLP
211 North Pennsylvania Street
One Indiana Square, Suite 1800
Indianapolis, IN  46204

Dayle M. Van Hoose
Sessions, Fishman, Nathan & Israel, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, FL  33618

s/_Cassandra P. Miller
Cassandra P. Miller
